[Cite as *Bank of Am., N.A. v. Dorenbusch*, 2015-Ohio-3184.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JAMES A. DORENBUSCH, ET AL. | : | Case No. 14-CA-60 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of  Common
                            Pleas, Case No. 12 CV 00543

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           August 7, 2015

APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

AMANDA L. HOLZHAUER                       BRIAN D. FLICK
BRYAN T. KOSTURA                          632 Vine Street
25550 Chagrin Boulevard                   Suite 305
Suite 406                                 Cincinnati, OH  45202
Cleveland, OH  44122-9905

*Farmer, J.*

{¶1} On April 20, 2012, appellee, Bank of America, N.A., filed a foreclosure complaint against appellants, James and Angela Dorenbusch, for money due and owing on a mortgage secured by a balloon note. On May 23, 2012, appellants filed a notice informing the trial court that the action had been removed to the United States District Court, Southern District of Ohio, Eastern Division.

{¶2} On May 2, 2014, appellants filed a notice of filing record which included an answer and counterclaim, appellee's reply to the counterclaim, and an order from the district court remanding the matter to the trial court and terminating the case. In their counterclaim, appellants claimed appellee failed to send them annual escrow statements in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. 2609(c).

{¶3} On May 7, 2014, appellee filed a motion for summary judgment on the complaint and counterclaim, claiming genuine issues of material fact did not exist. By judgment entry filed June 10, 2014, the trial court granted the motion and ordered foreclosure.

{¶4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED IN DENYING DEFENDANTS' COUNTERCLAIMS AND FINDING THAT THERE IS NO PRIVATE RIGHT OF ACTION UNDER 12 U.S.C. § 2609(c)."

II

{¶6}    "THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT COMPLIANCE WITH THE NOTICE PROVISIONS OF THE BALLOON NOTE AND MORTGAGE ARE NOT A CONDITION PRECEDENT."

{¶7}    Both of these assignments of error challenge the trial court's judgment on a summary judgment motion.

{¶8}    Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶9}    As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same

standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶10} A movant for summary judgment bears the burden of proving that no genuine issue of material fact exists and he/she is entitled to judgment as a matter of law. *AAAA v. River Place Community,* 50 Ohio St.3d 157 (1990). The moving party bears the initial burden of demonstrating the basis for its motion. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 1996-Ohio-107. The only manner in which the movant can meet such a burden is to present some evidentiary materials permitted by Civ.R. 56(C). *Id.* at 292-293. In *Dresher* at 293, the Supreme Court of Ohio held the following:

Accordingly, we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial

burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

{¶11}  Civ.R. 56(E) provides the following:

**(E) Form of affidavits; further testimony; defense required**

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.  Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.  The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶12}  We will review the assignments of error under these standards and rules.

I

{¶13} Appellants claim the trial court erred in granting summary judgment to appellee on their counterclaim as they have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. 2609(c). We disagree.

{¶14} Appellants argue appellee failed to provide them with annual escrow statements in violation of 12 U.S.C. 2609(c) states the following in pertinent part:


(2) Annual statement

(A) In general

Any servicer that has established or continued an escrow account in connection with a federally related mortgage loan shall submit to the borrower for which the escrow account has been established or continued a statement clearly itemizing, for each period described in subparagraph (B) (during which the servicer services the escrow account), the amount of the borrower's current monthly payment, the portion of the monthly payment being placed in the escrow account, the total amount paid into the escrow account during the period, the total amount paid out of the escrow account during the period for taxes, insurance premiums, and other charges (as separately identified), and the balance in the escrow account at the conclusion of the period.

(B) Time of submission

The statement required under subparagraph (A) shall be submitted to the borrower not less than once for each 12-month period, the first such

period beginning on the first January 1st that occurs after November 28, 1990, and shall be submitted not more than 30 days after the conclusion of each such 1-year period.

{¶15} In support of their respective positions on a private right of action, each party discusses the language in *Vega v. First Federal Savings and Loan Association of Detroit,* 622 F.2d 918 (6th Cir.1980), specifically fn. 8, which states the following:

As a threshold matter, we must determine whether the Real Estate Settlement Procedures Act creates a private cause of action for violations of 12 U.S.C. s 2609 and 12 U.S.C. s 2610.  While the Act does not expressly provide for such a causes of action, we believe, based on the legislative history, that Congress intended to create a private remedy for violations of the Act.***

{¶16} As the parties concede, *Vega* was decided prior to the amendments to 12 U.S.C. 2609, including subsection (d), wherein the exclusive remedy for a violation rests with the "Secretary" of Housing and Urban Development, therefore indicating no private right of action:

(d) Penalties

(1) In general

In the case of each failure to submit a statement to a borrower as required under subsection (c) of this section, the Secretary shall assess to the lender or escrow servicer failing to submit the statement a civil penalty of $50 for each such failure, but the total amount imposed on such lender or escrow servicer for all such failures during any 12-month period referred to in subsection (b) [FN1 - So in original. Probably should be "subsection (c)"] of this section may not exceed $100,000.

(2) Intentional violations

If any failure to which paragraph (1) applies is due to intentional disregard of the requirement to submit the statement, then, with respect to such failure-

**(A)** the penalty imposed under paragraph (1) shall be $100; and

**(B)** in the case of any penalty determined under subparagraph (A), the $100,000 limitation under paragraph (1) shall not apply.

{¶17} Based upon the language of 12 U.S.C. 2609(d), we find appellants do not have a private right of action for a subsection (c) violation.

{¶18} Upon review, we find the trial court did not err in granting summary judgment to appellee on appellants' counterclaim.

{¶19} Assignment of Error I is denied.

II

{¶20} Appellants claim the trial court erred as a matter of law in granting summary judgment to appellee. We disagree.

{¶21} Appellants argue two issues under this assignment of error: 1) notification of default was required as a condition precedent to acceleration, and 2) appellee's affidavit failed to demonstrate compliance with the note and mortgage.

{¶22} Initially, appellee argues the defense of notification was not sufficiently pled. We disagree. In their answer included in the May 2, 2014 notice of filing record, appellants squarely placed this issue for consideration in their Tenth Affirmative Defense:

Plaintiff failed to meet certain conditions precedent under the promissory note and mortgage that are the subject of this lawsuit. Specifically, but not limited to, Plaintiff failed to meet any applicable notice requirements relating to advising Defendants of Plaintiff's intent to accelerate and/or foreclose and/or to advising Defendants of their right to reinstate/redeem prior to acceleration and/or foreclosure.

{¶23} Despite finding that the defense of notification was sufficiently pled, we nevertheless find that on a balloon payment, as set forth in the note and mortgage acceleration clause, notification is not a condition precedent.

{¶24} In support of their argument, appellants cite to paragraph 22 of the mortgage, attached to the complaint as Exhibit B, which states the following:

22. Acceleration; Remedies. Lender shall give notice to Borrower *prior to acceleration* following Borrower's breach of any covenant or

agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence. (Emphasis added.)

{¶25} This paragraph requires notice "prior to acceleration." However, the note in default was a balloon note, attached to the complaint as Exhibit A, which was due by October 1, 2010:

**3. PAYMENTS**

**(A) TIME AND PLACE OF PAYMENTS**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on November 1, 2003. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on October 1, 2010, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 5208 WEST RENO, SUITE 255, OKLAHOMA CITY, OK 73127 or at a different place if required by the Note Holder.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(C) Notice of Default**

If I am in default, the Note Holder *may* send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the due date on which the notice is mailed to me or delivered by other means. (Emphasis added.)

{¶26}  We find the note and mortgage were not accelerated.  Appellants failed to pay the balloon note by October 1, 2010 as required.  The note does not provide for a specific right to notice of default in order for appellee to foreclose upon the mortgage.  The defense of failure to give notice fails as a matter of law.

{¶27}  As for appellee's affidavit, appellants challenge the admissibility of the affidavit and its failure to establish that appellee noticed appellants of default.

{¶28}  As we have found, the balloon note did not mandate notice.

{¶29}  Pursuant to Civ.R. 56(C), appellee provided the affidavit of Michele Sexton, its Assistant Vice President and Operations Team Manager.  In ¶ 1-4, Ms. Sexton averred that she is competent to testify, has personal knowledge of appellee's procedures for record keeping, and personally reviewed the business records kept in the regular course of business relative to the subject balloon note and mortgage.  *See Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202, ¶ 40-57.  Ms. Sexton further averred:

> 7. The Balloon Note sets forth that if Defendants still owed any amount under the Balloon Note on October 1, 2010, they were required to pay that amount in full on that date.  Exhibit 1 - Balloon Note, p. 1.

> 8. On October 1, 2010, Defendants still owed $81,466.86 on the Balloon Note.  See Exhibit 4 - Payment History.

> 9. Defendants failed to pay the full $81,466.86 pursuant to the terms of the Balloon Note.

> 10. The unpaid principal balance due and owing on the Balloon Note currently is $78,915.21 plus interest at the rate of 5.25% per annum from January 1, 2012, plus late charges, taxes, assessments and insurance premiums that may be advanced by BANA, costs, and

advancements.   See Exhibit 1 – Balloon Note and Exhibit 4 – Payment History.

{¶30}  Appellants' June 4, 2014 memorandum in opposition to appellee's motion for summary judgment did not challenge these amounts or conclusions with any evidentiary quality affidavits or exhibits as outlined in Civ.R. 56(E).  *Dresher, supra.*

{¶31}  We find the Sexton affidavit to be of evidentiary quality, and the affidavit established appellants' failure to pay the amount due and owing on the balloon note.

{¶32}  Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶33}  Assignment of Error II is denied.

{¶34}  The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


SGF/sg 723